UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| TODD R. BREDENKAMP; | ) | |
| CYNTHIA J. BREDENKAMP; | ) | |
| TIAHNA MARIE BREDENKAMP; and | ) | |
| E.B., K.B., and J. B., Minors, by their | ) | |
| Parents and Natural Guardians, TODD R. | ) | |
| BREDENKAMP and CYNTHIA J. | ) | |
| BREDENKAMP; | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BALKAN EXPRESS, INC., | ) | 3:13-cv-00005-RLY-WGH |
| JOSEPH D. SPEARS, | ) | |
| DANA L. SPEARS, and | ) | |
| NORMAN SPEARS, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS**

This action arises from a vehicular collision where Defendant, Joseph D. Spears, while driving a semi-tractor trailer, crashed into Plaintiff Todd Bredenkamp causing him serious injuries.  The Defendants, Balkan Express, Inc., Joseph D. Spears, Dana L. Spears, and Norman Spears, move to dismiss Count V of the Amended Complaint.  In addition, Defendant Norman Spears moves to dismiss all claims against him.  For the reasons set forth below, the Defendants' Motion is **DENIED in part** and **GRANTED in part**.

**I.    Background**

1

In evaluating a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in plaintiff's favor. *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004). Thus, the facts are as follows.

On November 29, 2010, Joseph Spears was driving a semi-tractor trailer on State Road 62. He failed to yield the right of way and pulled in front of Todd Bredenkamp resulting in a collision. (Amended Complaint ¶¶ 16-19). Todd Bredenkamp suffered severe and permanent injury as a result of the collision. (*Id.* at ¶¶ 24, 39). In addition, his wife alleges she has suffered loss of consortium, and his children allege that they have suffered medical and psychological injuries as a result of the injuries suffered by their father; they are in therapy to cope with his injuries. (*Id.* at ¶¶ 46, 49-50).

Dana Spears contracted with Balkan Express, Inc. to furnish the semi-tractor trailer and a driver as part of a subcontractor hauling arrangement. (*Id.* at ¶ 13). At the time of the collision, Joseph Spears was driving on behalf of Balkan Express, Inc. (*Id.* at ¶ 14), and the semi-tractor trailer was listed as owned by Dana and Norman Spears. (*Id.* at ¶ 11).

## II.    Legal Standard

Defendants bring their motion to dismiss the children's claims in Count V under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). The purpose of this motion is to test the legal sufficiency of the complaint, not the merits of the lawsuit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A court may grant a Rule 12(b)(6) motion to dismiss only if a complaint lacks

2

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  A complaint sufficient on its face need not give "detailed factual allegations," but it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Id*. at 1964-65.

## III.    Discussion

Defendants move to dismiss Count V as brought by the Minors because: (1) it violates the statute of limitations, and (2) Indiana law does not allow claims for loss of consortium by minor children.  Norman Spears moves to dismiss all claims against him for violating the statute of limitations.

### A.  Failure to State a Claim in Count V

In Count V of the Amended Complaint, the Bredenkamp children allege that they suffered medical and psychological injuries as a result of their father's injuries.  The Defendants interpreted Count V to be a claim for loss of consortium, and as such, moved to dismiss it under Rule 12(b)(6).  Defendants correctly argued that Indiana law does not recognize a claim for loss of parental consortium for minor children.  *See Dearborn Fabricating and Engineering Corp. v. Wickman*, 551 N.E.2d 1135 (Ind. 1990) (holding that "a child may not maintain an action for loss of parental consortium when the parent is negligently injured by a third person.").  Plaintiffs respond that Count V is not a claim for loss of parental consortium, but rather a claim for special damages.  Plaintiffs correctly argue that *Dearborn* specifically allowed claims for special damages by children when their parents are injured.  *See id.* at 1139.  Defendants concede that to the extent Count V is a claim for special damages, it is permitted under Indiana law.

3

The court agrees with Plaintiffs that the claim stated in Count V is for special damages resulting from injuries to the children as a result of their father's injuries and not for loss of consortium.  The claim does not assert the typical loss of consortium type damages, but rather mentions injuries to the children themselves.  As such, under Indiana law, Count V states a claim upon which relief may be granted.  Defendants' motion to dismiss Count V is **DENIED**.

### B.  Statute of Limitations

In Indiana, the statute of limitations for a personal injury claim is two (2) years.  *See* Ind. Code §  34-11-2-4.  However, infancy tolls the statute until two years after a minor reaches the age of majority.  *See* Ind. Code § 34-11-6-1 ("a person who is under legal disabilities when the cause of action accrues may bring the action within two (2) years after the disability is removed."); *see also Walker v. Memering*, 471 N.E. 2d 1202, 1204 (Ind. Ct. App. 1984) (minority is a legal disability).  In addition, under the Federal Rules of Civil Procedure, when a complaint is amended, the claims may relate back to the date of the original complaint if certain factors are met.  *See* Fed. R. Civ. P. 15(c)(1).

### 1.  The Children's Claims

Defendants argue that the claims brought by the children are derivative claims[1] that should be limited to the statute of limitations for the underlying cause of action.  Admitting that their research has found no specific Indiana cases addressing this point,

---

[1] "A derivative action is defined as '[a] lawsuit arising from an injury to another person, such as a husband's action for loss of consortium arising from an injury to his wife caused by a third person.'"  *In re Guardianship of French*, 927 N.E. 2d 950, 959 (Ind. Ct. App. 2010) (quoting BLACK'S LAW DICTIONARY 475 (8th ed. 2004)).

the Defendants put forth a policy argument.  According to Defendants, as a matter of public policy, the court should not allow a separate and longer statute of limitations for the derivative claims.  As the Defendants indicate, the statute of limitations is two years for Todd and Cynthia Bredenkamp's actions.  If the children's derivative claims were allowed to be tolled, then the statute of limitations for them could be several more years.  This result, Defendants argue, would be inconsistent with the purposes of the statute of limitations.

Plaintiffs counter with several cases presenting the inverse situation – where the derivative claimants attempt to use the tolling defense of the direct claimant.  Indiana courts have held that the derivative claimant may not assert the tolling of the direct claimant.  The take-away, according to Plaintiffs, is that courts treat the tolling defense as claimant specific.  In addition, Plaintiffs cite to a case from the First Circuit, *Figueroa v. J.C. Penney*, where the Court found that the district court erred in finding that a child's derivative action was time barred when a tolling statute existed for the child.  568 F.3d 313, 322 (1st Cir. 2009).

Plaintiffs' final argument involves the case of *Beck v. United States* and the Soldiers' and Sailors' Civil Relief Act, which tolls the statute of limitations while service members are on active duty.  *See* 50 U.S.C. App. § 526 (2003).  In *Beck*, a minor and her father filed a medical malpractice claim for injuries the minor received from a vaccine as a newborn.  *See Beck v. United States*, No. 86 C 10134, 1987 WL 17154, * 1 (N.D. Ill. 1987).  From the time of her birth, the father actively served in the Navy, which tolled his time to bring a claim.  *See id.* at * 2.  The court found no tolling provision directly

5

applicable to the daughter because she did not serve in the military and lived in a state that did not toll the claims of minors. *See id.* The court found, however, that the father's derivative claim was tolled under the Soldiers' and Sailors' Civil Relief Act despite the fact that the statute of limitations had run for his daughter's direct claim. *See id.* at * 4 (noting that "courts have held the derivative claims of servicemen timely on account of tolling even though the direct claims themselves were time barred").

Finding no cases in Indiana directly on point, the court finds the above case to be persuasive. In addition, the court finds the case of *Board of Com'rs of Cass Cnty. v. Nevitt* to be indicative of how Indiana courts would rule on this matter. 448 N.E.2d 333, 341-42 (Ind. Ct. App. 1983). The case involved a wife's claim for loss of consortium due to her husband's injuries. The court found that although loss of consortium is a derivative claim, the wife could still maintain her claim despite the fact that her husband's claim was time barred. "The running of the statute of limitations against the injured spouse's claim does not bar a timely-filed suit for loss of consortium." *Id.* at 341.

Here, due to the tolling statute, the children timely filed suit for their claims arising out of their father's injuries. The fact that the underlying claim would have been time-barred when the children filed their claims in the Amended Complaint does not act to bar their claims. Indiana law contemplates that an action will be tolled during minority. To conclude otherwise would be inconsistent with the plain language of the tolling statute which does not distinguish between direct claims and derivative claims. Therefore, the court finds that the children's claims were filed-timely and did not violate the statute of limitations.

6

## 2.  The Claims against Norman Spears

Defendant Norman Spears also argues that the claims filed against him violated the statute of limitations.  The original complaint, which did not list Norman Spears, was filed on November 2, 2012.  The statute of limitations for the personal injury claims ran on or around November 29, 2012, two years after the collision.  Approximately six months later, Plaintiffs filed their Amended Complaint, which listed Norman Spears as a defendant.[2]  Because the claims against him were first asserted six months after the statute of limitations ran, Norman Spears requests the court dismiss all claims against him.  Plaintiffs respond that the trial rules, both in Indiana and the federal courts, allow their claim against Norman Spears to relate back to the time of the original complaint, thereby not violating the statute of limitations.  *See* FED. R. CIV. P. 15; Ind. Trial R. 15(C).  For the reasons set forth below, the court finds that the amendment does not relate back to the original complaint.

Relation back is permitted in several circumstances, including when "the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(C).  Construing the language of Rule 15 closely, the Seventh Circuit held that a district court is allowed only two inquiries:

---

[2] The court granted Plaintiffs' Motion to Amend Complaint and Join Additional Non-parties to Complaint, finding that Norman Spears was an indispensable party under Federal Rule of Civil Procedure 19.  (Docket # 18).

(1) whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and (2) whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself.

*Joseph v. Elan Motorsports Technologies Racing Corp.*, 638 F.3d 555, 559-60 (7th Cir. 2011) (numbering added).

Relation back is also permitted where the law of the jurisdiction that creates the applicable statute of limitations, which here is Indiana, permits relation back. FED. R. CIV. P. 15(c)(1)(A); Committee Note to 1991 Amendment; *Arendt v. Vetta Sports, Inc.*, 99 F.3d 231, 236 and n. 3 (7th Cir. 1996). Indiana's relation-back rule is materially identical to the federal rule, so the court will not consider it separately. *See* Ind. Trial R. 15(C); *see also Joseph*, 638 F.3d at 558.

Norman Spears argues that Plaintiffs' claims fail to relate back because (1) they do not explain why it was a mistake to not name him, and (2) Norman Spears did not know nor should he have known that a mistake was made in failing to name him as a defendant.

"A mistake is '[a]n error, misconception, or misunderstanding; an erroneous belief.'" *Krupski v. Costa Corciere S. p. A*, 560 U.S. 538 (2010) (quoting Black's Law Dictionary 1092 (9th ed. 2009)). Plaintiffs do not assert in their briefs on the Motion to Dismiss that they made a mistake, nor do they attempt to explain any potential mistake in not naming Norman Spears in the Original Complaint.[3] This failure to argue mistake is

---

[3] The court notes that in Plaintiff's Motion to Amend Complaint, they asserted that they learned that Norman Spears was an owner after the Original Complaint was filed. (*See* Docket # 15 at ¶ 5). However, under Seventh Circuit precedent, "a plaintiff's lack of knowledge about a defendant's identity is not a 'mistake' within the meaning of Federal Rule of Civil Procedure

detrimental to Plaintiffs' argument that the claims against Norman Spears relate back to the Original Complaint because it is an independent factor necessary for a relation back finding. *See Ensley v. Allen Cnty. Sheriff*, 1:10-cv-411, 2011 WL 2671217 (N.D. Ind. 2011) (finding that the failure to establish a mistake is fatal to the claim of relation back); *see also King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000) (emphasizing that "the mistake requirement is independent from whether the purported substitute party knew that action would be brought against him"). Finding there was no mistake, the court need not decide whether Norman Spears knew or should have known that he would be sued. The court, therefore, **GRANTS** Norman Spears' Motion to Dismiss all claims against him.

## IV. Conclusion

For the reasons stated above, the court concludes that the children's claims state a claim for which relief can be granted and are not barred by the statute of limitations. In addition, the court finds that the claims against Norman Spears do not relate back to the filing of the Original Complaint, resulting in a violation of the statute of limitations.

---

15(c) such that the plaintiff could amend his complaint outside the statute of limitations period upon learning the defendant's identity." *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012).

There is some question whether the Supreme Court's decision in *Krupcki v. Costa Crocier S. p. A.* changed the rule that a lack of knowledge about a defendant's identity is not a mistake for purposes of Federal Rule of Civil Procedure 15(c). However, the Seventh Circuit has continued to apply the rule. *See Gomez*, 680 F.3d at 864; *see also Flournoy v. Schomig*, 418 F. App'x 528, 532 (7th Cir. 2011). In addition, the Sixth Circuit directly addressed the application of *Krupski* to the rule and found that *Krupski* did not change the rule that a lack of knowledge is not a mistake. *See Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012).

Therefore, Defendants' Motion to Dismiss (Docket # 27) is **DENIED in part and GRANTED in part**.


**SO ORDERED** this 8th day of November 2013.

RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.